UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| LASZLO MASSZI : | |
| : | |
| v. : | C.A. No. 06-423A |
| : | |
| MICHAEL J. ASTRUE : | |

**MEMORANDUM AND ORDER**

By Order dated January 13, 2009, pro se Plaintiff, Mr. Laszlo Masszi, was directed to appear before the Court today to show cause why this Social Security appeal should not be dismissed for lack of prosecution. Plaintiff did not appear today as Ordered. Plaintiff also failed to communicate with the Court regarding his ability to appear for today's hearing or the status of this case.[1]

In deference to Plaintiff's pro se status, the Court has independently reviewed the administrative record and the Administrative Law Judge's decision of May 11, 2005 which is challenged in this appeal. Although Plaintiff filed his application for Disability Insurance Benefits ("DIB") on October 28, 2002, he was not insured or eligible for DIB after December 31, 1989. (Tr. 658). Plaintiff alleges that his disability began on January 1, 1984. Thus, the determinative issue before the ALJ was whether Plaintiff had met his "burden of establishing by credible evidence" that his physical and/or mental impairments were of a disabling level as of or prior to December 31, 1989. See Deblois v. Sec'y of HHS, 686 F.2d 76, 79 (1st Cir. 1982). The ALJ thoroughly evaluated the medical evidence of record and found "no evidence to support any current limitations were in existence and/or were severe impairments during the period of January 1, 1984, through December

---

[1] This action was commenced by Plaintiff in 2006 and this was the third show cause order issued to him. Plaintiff appeared for two prior status hearings before the Court and he has been granted significant leeway by the Court in advancing this appeal. The Court has also repeatedly suggested to Plaintiff that he consult with or retain legal counsel to assist in this appeal.

30, 1989." (Tr. 15-17). The ALJ also accurately noted that both a state agency psychologist (Ex. 3F) and a state agency psychiatrist (Ex. 6F) found insufficient evidence of a disabling mental impairment during the relevant period, and a state agency physician (Ex. 8F) similarly found insufficient evidence of a medical impairment for that period. As explained at today's show cause hearing, the record contains substantial evidence to support the ALJ's finding of no disability through December 31, 1989, and thus there is no basis for reversal and/or remand of this case.

For the reasons summarized above, Plaintiff's appeal of the decision of the Social Security Administration denying his application for DIB is dismissed with prejudice for lack of prosecution and, alternatively, for lack of merit. The Clerk shall enter final judgment in favor of Defendant. SO ORDERED.


   /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
February 2, 2009